FILED

JAN 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON MANUEL SOLIS-TADEO, | No. 09-72301 |
| Petitioner, | Agency No. A077-290-731 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 2, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District
Judge.[**]

Aaron Manuel Solis-Tadeo petitions for review of a dismissal by the Board

of Immigration Appeals of his appeal from an order of removal based on a finding

that he had been convicted within five years of his admission to the United States

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

of a crime involving moral turpitude ("CIMT") for which a sentence of one year or more may be imposed. We grant the petition and remand for further proceedings.

The decision of the Board incorrectly identified Solis's conviction as being for assault with a deadly weapon. Solis was charged with that crime, but that is not the offense for which he was convicted. As the government acknowledged, he was convicted under another part of California Penal Code § 245(a)(1), for assault by means likely to produce great bodily injury. When the Board fails to identify correctly the elements of the crime for which the petitioner was convicted, its decision merits no deference. *See Uppal v. Holder*, 605 F.3d 712, 715 (9th Cir. 2010) ("Because the BIA failed to identify the elements of § 268 correctly, its CIMT analysis . . . is misdirected and so merits no deference from this Court."); *see also Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1106 (9th Cir. 2011) ("As the BIA erred at step one, we owe its CIMT analysis at step two no deference.").

Generally, an error by the Board in the first stage of a moral turpitude analysis warrants remanding for reconsideration. *See Uppal*, 605 F.3d at 719-20 (remanding where the Board may have misconstrued statutory elements of crime and applied CIMT analysis inconsistent with case law). The government argues that a conviction under any part of section 245(a)(1) should qualify categorically as a CIMT. Neither the Board nor this court has so held in a precedential opinion.

2

We remand to the Board for consideration of whether the crime for which Solis was actually convicted constitutes a CIMT.

**PETITION GRANTED AND REMANDED.**